RIEMER vs. SCHLITZ.

*April 5 — April 20, 1880.*

EQUITY. *(1) Answer treated as a suit to foreclose mortgage: Mortgage lien for costs. (2) Subrogation of surety to mortgagee's rights.*

1. A mortgagor of chattels brought suit to restrain the mortgagee from foreclosing the mortgage and taking possession of the property; and judgment was rendered for defendant therein, upon his answer, against the plaintiff, for the amount thereby determined to be due on the mortgage note, together with the costs of the action, and declaring that defendant have leave to proceed to enforce the mortgage according to law, if plaintiff should fail to pay the amount so adjudged to be paid. *Held,* that the judgment in effect treats the answer as a suit to foreclose, and determines the amount to be paid for redemption; and that the costs so awarded became a lien upon the mortgaged property, as in ordinary cases of foreclosure.

2. The present plaintiff, who was surety for the mortgagor in the above described action, paid the amount of the judgment, and took an assignment of the mortgage. *Held* (in trover), that he became entitled to the possession of the property by subrogation to the mortgagee's rights.

APPEAL from the Circuit Court for *Milwaukee* County.

In September, 1876, one Haas gave a mortgage on certain personal property to one Herbst, to secure the payment of a note for $166, payable in six months. Afterwards, in 1877,

Haas sold the same property to *Charles Schlitz*, who took possession thereof.    In an action brought by Haas in the county court of Milwaukee county against Herbst, to enjoin him from foreclosing the above mentioned mortgage, that court, in January, 1878, rendered a judgment in favor of Herbst for the amount due on the note secured by such mortgage, with costs, and in such judgment ordered that " the defendant have leave to proceed to enforce the mortgage described in the complaint, according to law, if the plaintiff shall fail or neglect to pay to the defendant the amount herein adjudged to be paid."    *William Riemer*, as surety for Haas, paid the amount of such judgment, and, the judgment together with the note and mortgage having been assigned to him, he brought this action against *Schlitz* to recover damages as for a conversion of the mortgaged property.

The above facts were made to appear upon the trial.    The evidence also tended to show a demand by plaintiff of possession of the property.    It also tended to show that at the time of such demand the property was in the possession of one Margraff, who claimed to be the owner thereof.    A motion for a nonsuit was denied.

The court refused to give the following instructions asked by defendant's counsel:    1. To return a verdict for the defendant.    2. That the claim of the plaintiff in this action is founded upon the mortgage of Haas to Herbst; that said Herbst is the plaintiff's assignor, and that the claim of said mortgage was merged in and extinguished by the judgment in the case of *Haas v. Herbst* in favor of said Herbst, and the plaintiff is not entitled to maintain this action.    3. That the plaintiff has at the best but a special property and interest in the property described in the said mortgage of Haas to Herbst, to the amount of the sum secured thereby (that is to say for the sum of $106, with interest added from September 18, 1876, the date of said mortgage), and is entitled to recover damages therefor, and no more.

The court charged the jury that plaintiff was subrogated to all the rights that Herbst had in the property; and that he could not recover a greater sum than the amount of the judgment paid by him, with interest thereon.

Verdict for the plaintiff. A motion for a new trial was denied; and from a judgment on the verdict, the defendant appealed.

The cause was submitted for the appellant on the brief of *J. V. V. Platto.* He contended, among other things, 1. That the motion for a nonsuit should have been granted. Without a demand of possession, and refusal by the defendant, the action could not be maintained. *Eldred v. Oconto Co.*, 33 Wis., 133; *Fenelon v. Hogoboom*, 31 id., 172; *Goldsmith v. Bryant*, 26 id., 34; *Supervisors v. Decker*, 30 id., 624; *Dunham v. Converse*, 28 id., 306; *Thomas v. Seely*, 40 id., 468. 2. That the first and second instructions asked by defendant should have been given. The judgment in the suit of *Haas v. Herbst* being the higher security, the note and mortgage were merged in it; and it was a bar to any further proceeding on the original indebtedness. 1 Addison on Con., secs. 393, 394; 2 Cowen's Tr., secs. 1042, 1086; Moak's Van Santvoord's Pl., 497; 7 Wait's Act. & Def., 321-323. By judgment, a mortgage lien is waived. 2 Hilliard on Mort., 463, 464; *Butler v. Miller*, 1 Denio, 407; *Goodrich v. Dunbar*, 17 Barb., 644; *Besley v. Palmer*, 1 Hill, 482; *Lowell v. Lane*, 33 Barb., 292; *Ives v. Goddard*, 1 Hilt., 434; *McButt v. Hirsch*, 4 Abb. Pr., 441; *Suydam v. Barber*, 18 N. Y., 470; *Morris v. Rexford*, id., 552; *Ward v. Johnson*, 13 Mass., 148; *Littlefield v. Brown*, 1 Wend., 398; *Peters v. Sanford*, 1 Denio, 224; *Price v. Moulton*, 2 Eng. L. & Eq., 303; *Rawson v. Turner*, 4 Johns., 469; *Wright v. Ritterman*, 4 Rob., 704; *Thompson v. Hewitt*, 6 Hill, 254. 3. That the third instruction asked should have been given. The plaintiff is subrogated to the rights of Herbst, who, had he retained his mortgage claim, would have been entitled to recover only

to the extent of his special property. Story on Bailm., sec. 352; Moak's Van Santvoord's Pl., 301, 302; Sedgwick on Dam., 482; 1 Waterman on Tresp., secs. 622, 623; *Spoor v. Holland*, 8 Wend., 445; *Ingersoll v. Van Bokkelin*, 7 Cow., 671, 681, note (a); *Jarvis v. Rogers*, 13 Mass., 105; *Davidson v. Gunsolly*, 1 Mich., 388; *Burke v. Birchard*, 47 Wis., 35; *Smith v. Phillips*, id., 202; *Booth v. Ableman*, 20 id., 23; *Single v. Schneider*, 24 id., 299; *Warner v. Hunt*, 30 id., 200; *Ward v. Henry*, 15 id., 239; *Flanders v. Thomas*, 21 id., 410.

For the respondent, there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin:*

In equity, merger of one security in another will not take place unless it is the manifest intention of the parties, or is for their interest. *Bascom v. Smith*, 34 N. Y., 320; *Edgerton v. Young*, 43 Ill., 464; *Lyon v. McIlvaine*, 24 Iowa, 9; *Finch v. Houghton*, 19 Wis., 149; *Duncan v. Smith*, 31 N. J. Law, 325; *Chipman v. Martin*, 13 Johns., 240; *Butler v. Miller*, 1 Denio, 407; *Bank v. Hyde*, 4 Cow., 567; *Bliss v. Weil*, 14 Wis., 35; *Delaware & H. Canal Co. v. Bonnell* (Conn.), Am. Law Reg., July, 1879; *Shimes v. Hammond* (Iowa), 1 N. W. Rep., 656; *Hamilton v. Quimby*, 46 Ill., 90; *Kelsey v. Bradbury*, 21 Barb., 531. It was the manifest intention of the judgment against Haas, that the mortgage security should not be merged. The plaintiff succeeded to all the rights that Herbst had acquired by the note and mortgage, and by the judgment in the action of *Haas v. Herbst*. *Hollingsworth v. Pearson* (Iowa), 3 N. W. R., 344; 5 Law Reporter, 748; *Felton v. Bissel*, 25 Minn., 15; *Slack v. Kirk*, 67 Pa. St., 380; *Hayes v. Ward*, 4 Johns. Ch., 123; *National Ex. Bank v. Silliman*, 65 N. Y., 479; *Creager v. Brengle*, 5 Harr. & Johns., 234.

ORTON, J. The plaintiff's claim to the property in dispute consisted of a chattel mortgage given by one Haas to one

Herbst, and assigned by Herbst to the plaintiff, and of his right to this mortgage security by subrogation, he having paid, as surety for Haas in a suit against Herbst to enjoin the foreclosure of said mortgage, the moneys secured thereby to Herbst. The assignment of the note and mortgage was admitted by stipulation of the parties on the trial.

The plaintiff's right of subrogation in such a case is too well settled by this court to require references to authorities in other states. *Selleck v. Phelps,* 11 Wis., 380; *Greenleaf v. Ludington,* 15 Wis., 558.

The plaintiff distinctly swears that he made demand of the property before the suit was brought.

This disposes of all of the questions raised on the argument, except the effect of the judgment in favor of Herbst against Haas, the mortgagor, for the amount of the note and interest secured by the mortgage, and the costs in the case of *Haas v. Herbst,* brought to enjoin the foreclosure of the mortgage. This judgment, rendered as it was, in such a case, in favor of the defendant and against the plaintiff, can have no other effect than a determination of the amount of the mortgage moneys to be paid on redemption of the mortgage. And for this purpose, and treating the defense in that action as a proceeding to foreclose the mortgage against the plaintiff, the judgment determining the amount of the mortgage moneys due was very proper, if not necessary, and the costs in such case, which are made a part of the judgment, are a lien upon the mortgaged property, as the costs and expenses of foreclosure would be in any other form or method of foreclosure.

There appears to be no error in the record, and the verdict was warranted by the evidence.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.